UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV365 CDP |
| ) | |
| ORTHO-MCNEIL ) | |
| PHARMACEUTICAL, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Under 28 U.S.C. § 455(b)(4), I am disqualified from handling any further matters in this case. I learned the facts requiring this disqualification on July 6, 2006, but the conflict actually came into existence on May 29, 2006. Under the strict terms of this particular subsection of the statute, disqualification is only required when the judge "knows" of the conflict. It is not possible for my family member to divest himself of the interest that provides the grounds for the disqualification in a timely manner, so the provisions of 28 U.S.C. § 455(f) do not apply, and disqualification is mandatory and cannot be waived. See 28 U.S.C. § 455(e).

As the record reflects, on June 22, 2006, I entered an order granting summary judgment to defendants on all of plaintiff's claims. Although I entered a judgment

on that date, it is not a final judgment, because the defendants' counterclaim remains pending, and in fact is set for trial on August 7, 2006. To avoid any appearance of impropriety, I believe I should vacate the decision I entered while the conflict existed, even though I did not know about the conflict at the time.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum and Order and Judgment [#56, #57] entered on June 22, 2006 are VACATED.

**IT IS FURTHER ORDERED** that the undersigned is disqualified from handling any further matter in this case, and the Clerk of Court shall randomly reassign the case to another judge.

**IT IS FURTHER ORDERED** that the case is removed from the August 7, 2006 trial docket.

Dated this 7th day of July, 2006.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE